RECEIVED
FEB 14 2020
AT 8:30_____M
WILLIAM T. WALSH, CLERK

FILED
FEB 14 2020
AT 8:30    3:55 PM
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. |
| v. | : Crim. No. 20- 164 (JMV) |
| LAMAR WEST | : 18 U.S.C. §§ 922(o)(1), 924(a)(2) |
| | : 26 U.S.C. § 5861(d) |
| | : 26 U.S.C. § 5861(i) |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Count One

(Illegal Possession of a Machinegun)

On or about October 10, 2019, in Essex County, in the District of New Jersey and elsewhere, the defendant,

LAMAR WEST,

did knowingly possess a machinegun, that is, a Glock Conversion device bearing no serial number, affixed to a .40 caliber Polymer 80 pistol, bearing no serial number, equipped with the slide of a Glock 27, bearing serial number BRZ864, with a clear extended magazine, as defined in Title 26, United States Code, Section 5845(b).

In violation of Title 18, United States Code, Section 922(o)(1) and 924(a)(2).

USAO2020R00055/SER

## COUNT TWO
(Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Act)

On or about October 10, 2019, in Essex County, in the District of New Jersey and elsewhere, the defendant,

### LAMAR WEST,

did knowingly possess a machinegun, that is, a Glock Conversion device bearing no serial number, affixed to a .40 caliber Polymer 80 pistol, bearing no serial number, equipped with the slide of a Glock 27, bearing serial number BRZ864, with a clear extended magazine, as defined in Title 26, United States Code, Section 5845(b), not registered to him as required by the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Section 5861(d).

USAO2020R00055/SER

## **COUNT THREE**
(Possession of a Firearm without a Serial Number)

On or about October 10, 2019, in Essex County, in the District of New Jersey and elsewhere, the defendant,

LAMAR WEST,

did knowingly possess a firearm, that is, a Glock Conversion device designed and intended for the use in converting a Glock pistol into a machinegun, that was not identified by a serial number, as required by Chapter 53 of Title 26, which was affixed to a .40 caliber Polymer 80 pistol, bearing no serial number, equipped with the slide of a Glock 27, bearing serial number BRZ864, with a clear extended magazine, as defined in Title 26, United States Code, Section 5845(b).

In violation of Title 26, United States Code, Section 5861(i).

USAO2020R00055/SER

## FORFEITURE ALLEGATION AS TO COUNT ONE

As a result of committing the offenses alleged in Count One of this Indictment, the defendant,

LAMAR WEST,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the commission of such offense, including but not limited to, a Glock Conversion device bearing no serial number, affixed to a .40 caliber Polymer 80 pistol, bearing no serial number, equipped with the slide of a Glock 27, bearing serial number BRZ864, with a clear extended magazine.

## FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

As a result of committing the firearms offenses in violation of 26 U.S.C. § 5861, as charged in Counts Two and Three of this Indictment, the defendant,

LAMAR WEST,

shall forfeit to the United States, pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), any firearms involved in the commission of each such offense, including, but not limited to, a Glock Conversion device, bearing no serial number, affixed.40 caliber Polymer 80 pistol, bearing no serial number, equipped with the slide of a Glock 27, bearing serial number BRZ864, with a clear extended magazine.

USAO2020R00055/SER

## Substitute Assets Provision

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

True Bill

_____
Foreperson of the Grand Jury

_____
CRAIG CARPENITO
United States Attorney

CASE NUMBER: 20- 164 (JMV)

**United States District Court
District of New Jersey**

UNITED STATES OF AMERICA

v.

**LAMAR WEST**

**INDICTMENT FOR**
18 U.S.C. §§ 922(o)(1), 924(a)(2)
26 U.S.C. §§ 5861(d) and (i)

A True Bill,

███████████
Foreperson

**CRAIG CARPENITO**
*UNITED STATES ATTORNEY
NEWARK, NEW JERSEY*

SOPHIE E. REITER
*ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY*
*973-645-6226*